THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANT IN ERROR, *v.* ARTHUR B. ELLIOTT, PLAINTIFF IN ERROR.

*Police justices in Troy —jurisdiction of, over misdemeanors— construction of statutes.*

Chapter 18 of the Laws of 1876 gives the police justices of Troy, appointed thereunder, the same powers as Courts of Special Sessions in towns, and further provides that they, " as such Court of Sessions, shall have jurisdiction of offenses of the grade of misdemeanors." *Held,* in view of the other provisions of the act which appeared to contemplate that such police justices should exercise only the powers of Courts of Special Sessions and of previous legislation on this subject, that the word " as" should be read " in like manner," thus restricting the jurisdiction of the police justices over offenses of the grade of misdemeanors to that enjoyed by Courts of Special Sessions in towns.

CERTIORARI to the judges of the Court of Sessions of the county of Rensselaer, which Court of Sessions affirmed the conviction of the offense of libel, and sentence of defendant by the Police Court of the city of Troy, in the said county; which conviction was removed to said Court of Sessions from said Police Court by *certiorari.*

*R. A. Parmenter,* for the people.

*J. M. Landon,* for the plaintiff in error.

BOARDMAN, J. :

There is no reason for believing the legislature intended to give to the Police Court of the city of Troy, by chapter 18 of the Laws of 1876, greater jurisdiction than was possessed by Courts of Special Sessions in the several towns of the State. No reason is apparent why it should be done. Let us see whether it has been attempted or accomplished. The second section gives to the Police Court, generally, the same jurisdiction possessed by justices of the peace in criminal cases in towns, or Courts of Special Sessions held by justices of the peace in towns in all criminal cases and matters, " and, as such Court of Sessions, shall have jurisdiction of offenses of the grade of misdemeanors." The part of the section quoted creates the mischievous doubt. The third section defines the classes of offenses cognizable by the Police Court more distinctly by reference

to those portions of the Revised Statutes in which the jurisdiction of Courts of Special Sessions is specifically given. (1 R. S., 638, § 1; 2 id., 711, § 1.) By the third section the power and authority of the Police Court of Troy is made the same as the Court of Special Sessions in the towns of the State. It does not give any additional power so far as the question presented by this writ is concerned.

The fourth section provides for the trial of persons charged with any crime or offense specified in the preceding (third) section of the act, but makes no reference to the second section or the offenses claimed to be cognizable thereby by virtue of the last clause above quoted. We cannot assume that a mistake exists in the fourth section, and that power was intended to be given to try persons charged with offenses specified in both the preceding sections. If there be no mistake it would follow that the Revised Statutes prescribes and limits the jurisdiction of the Police Court of the city of Troy.

But, in any event, the closing sentence of section 2 ought not to receive the construction claimed for it by the people's counsel. It would be a strange departure from the legislative restrictions of the past. It would confer an extraordinary power upon this Police Court not justified by the circumstances surrounding it and not demanded by any public necessity. It is deemed more prudent, therefore, to construe the words " as such Court of Special Sessions," at the end of the second section of the act of 1876, " in like manner with such Court of Special Sessions," or " to the same extent with," etc. Such is the primary significance of the word " as " given by Webster, like, even, similar. Hence Webster says it may be explained " in like manner."

It follows that the Police Court of Troy has jurisdiction of offenses of the grade of misdemeanors to the same extent with Courts of Special Sessions in towns, and no further. The police justice had not, therefore, the right to try and punish the defendant upon conviction for the offense of libel.

The judgment, conviction and sentence are, therefore, reversed and set aside, and the defendant is discharged therefrom.

LEARNED, P. J., and BOOKES, J., concurred.

Judgment reversed and defendant discharged.